Edgar L. Nock
vs.  } Eq. No. 7379
Hammell Oil Burning
Equip. Co., Inc.

November 12, 1925

BAKER, J. Heard on prayer for preliminary injunction on amended bill.

The complainant at the present time is seeking to prevent the respondent from advertising in the directory of the New England Telephone & Telegraph Company under a certain name which the complainant claims is so similar to the name under which he conducts his business as to be unfair competition and confusing to the public.

The facts in the case need not be set out in detail because the questions in issue raised by the amended bill are in no way now before the Court for determination and it is understood that the court is not attempting to pass upon these questions in any degree.

The testimony shows that the complainant for some years has been dealing in oil burning equipment under the name of Simplex Oil Heating Company. It also appears that the respondent company is now acting as agent for the Bunting Iron Works, a California corporation, which deals in oil burning equipment, making use of the term Simplex, and the respondent company in handling such equipment has advertised and done business under the name of the Simplex Oil Burning System. In order to prevent the respondent from advertising in the telephone directory under this latter name, the complainant is now asking for the preliminary injunction.

After careful consideration the Court has come to the conclusion that the complainant is not entitled to the preliminary injunction sought. There can be, of course, no doubt about the similarity of the two names. The question as to the right of the parties to the use of the term Simplex is not now before the Court. That matter can not be determined until the bill is heard upon its merits. It would not seem, however, from the testimony heard at the present time that the complainant has such an absolutely clear and undisputed right to the use

of this word that the Court at this time, by way of preliminary injunction should prevent the respondent from making use of the term in the manner in which it is now doing. It should be noted that the relief now asked is in the nature of a mandatory preliminary injunction, namely, the preventing of the respondent from continuing certain advertising which it is now maintaining. Relief of this nature is only granted upon the clearest testimony and when it is necessary to prevent great injury.

The evidence shows that the respondent company is the agent for and is handling certain oil burning equipment known under the name of Simplex and manufactured by the Bunting Iron Works. It would seem as though persons who had already purchased this equipment, or who might desire to so purchase, should be in a position to communicate through the telephone directory with the respondent company under the name Simplex. It would appear that this was fair to the public, because while the complainant is dealing in oil burning equipment also bearing the name Simplex, it is not similar to the oil burning equipment handled by the respondent.

The Court believes that in its discretion it should at this time refuse the preliminary injunction because, if granted, the injury to the respondent's business would be out of all proportion to the advantage secured by the complainant. The Court can see no great urgency or need for granting the injunction in the form as requested at the present time.

Further, the matter of the granting of a preliminary injunction has been before this Court on the original bill and the prayer was denied. While it is true that the particular relief asked for in the amended bill, viz: The preventing of the advertising by the respondent in the telephone directory, was not specifically asked for, nevertheless, in the judgment of the Court the general prayer for relief was broad enough to include this, and practically the same testimony was then before the Court as is now before the Court, the result being that substantially the same question has actually been heard and argued twice.

The prayer for a preliminary injunction is denied.

For Complainant: Greenlaw, Tilley & Felton.

For Respondent: Tillinghast & Collins.